## JULIA FITZHARRIS
vs.
## LEO J. BLUMENFIELD, ET AL.

Superior Court     New Haven County     File #48480

Present: Hon. JOHN A. CORNELL, Judge.

E. G. Hayes,                 Attorney for the Plaintiff.

D. L. O'Neill,             Attorney for the Defendants.

**MEMORANDUM FILED DECEMBER 9, 1935.**

CORNELL, J. The allegations of the complaint do not lend themselves to the interpretation that a nuisance as a matter of law is sought to be described therein. If it did it could not be found under the evidence that the construction of the small door as forming a part of the larger one and its maintenance as described in the evidence was "in its inherent nature . . . . so hazardous as to make the danger extreme and serious injury so probable as to be almost a certainty . . . . ." **Hoffman vs. Bristol, 113 Conn. 386, 389.**

Nor can it be fairly found that the "natural tendency of the act complained of is to create danger and inflict injury upon person or property." **Hoffman vs. Bristol, supra, P. 389.**

It does appear, however, that the defendants under a month to month rental had control of the premises and that plaintiff was on the same as their invitee at the time she sustained her injuries.

Under such circumstances it was defendants' duty to use reasonable care to maintain said premises in a reasonably safe condition for the use of those who might chance to be upon them as a result of either an express or implied invitation.

While, as noted supra, the small door, in passing through which plaintiff was injured cannot in itself be said to be a menace to persons lawfully upon the premises the question presented by the allegations of the complaint and the answer

is the broad one of whether under the particular conditions which obtained when plaintiff was injured were the premises in a reasonably safe condition, and if not, did such condition result from a lack of reasonable care upon the part of defendants?

It is found that the combination of conditions depicted in the evidence at and about the door and combined with the manner in which this was constructed and maintained did make the premises unreasonably safe to those having occasion to lawfully use the same as invitees at the time when plaintiff sustained her injuries and that this was the proximate result of lack of care upon the part of defendants and their servants and agents.

It is, also, concluded that plaintiff's conduct was consonant with that of a reasonably prudent person under the peculiar circumstances under which she acted.

Judgment may, therefore, be entered for the plaintiff to recover of the defendants the sum of $982.50.